

**DEPARTMENT OF JUSTICE**
NEW CASTLE COUNTY
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

**KATHLEEN JENNINGS**
ATTORNEY GENERAL

CIVIL DIVISION (302) 577-8400
FAX: (302) 577-6630
CRIMINAL DIVISION (302) 577-8500
FAX: (302) 577-2496
FRAUD DIVISION (302) 577-8600
FAX: (302) 577-6499

April 6, 2023

**VIA CM/ECF**
The Honorable Richard G. Andrews
United States District Court
  For the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, Delaware 19801

Re:     ***Birney et al. v. Delaware Department of Safety and Homeland Security et al.,***
         **1:22-cv-01624-RGA (HB 451 challenge)**

Dear Judge Andrews:

On April 3, 2023, the Court ordered the parties in the above-referenced action (the "Birney Action") to submit a joint letter regarding the status of this case by April 6, 2023.  (D.I. 8).  The parties have conferred and have not been able to reach agreement as to a proposed course of action.  Accordingly, the parties submit here, for the Court's consideration, (i) a brief procedural history of the Birney Action, and (ii) their respective positions as to how the case should proceed.

**Procedural History**

On November 23, 2022, Plaintiffs filed the operative complaint in the Birney Action in the Delaware Superior Court after the original complaint was dismissed for lack of subject matter jurisdiction in the Court of Chancery on November 16, 2023.  On December 22, 2022, Defendants removed the Birney Action to the District Court for the District of Delaware pursuant to 28 U.S.C. § 1441(a).  (D.I. 1).

On January 30, 2023, the parties submitted a joint letter to the Court requesting to postpone a Rule 16 scheduling conference in the Birney Action "until after the Court decide[d] the motions for preliminary injunction currently pending in [*Delaware State Sportsmen's Association, Inc. et al v. Delaware Department of Safety and Homeland Security et al.*, C.A. No. 1:22-cv-00951-RGA]" (the "DSSA Action").  (D.I. 6).  On January 31, 2023, this Court entered an order granting the parties' request and deferring the Rule 16 conference.  (D.I. 7).

On March 27, 2023, the Court denied plaintiffs' motions for preliminary injunction in the DSSA Action.  *Delaware State Sportsmen's Ass'n, Inc. v. Delaware Dep't of Safety & Homeland*

The Honorable Richard G. Andrews

April 6, 2023

*Sec.*, 2023 WL 2655150 (D. Del. Mar. 27, 2023).  On April 3, 2023, the Court entered an order in the Birney Action requesting a joint letter from the parties regarding the status of the case. (D.I. 8).

**Plaintiffs' Position**

Plaintiffs intend to dismiss the Birney Action and re-file the entire existing complaint in the Superior Court of the State of Delaware imminently.

The most efficient use of judicial resources is to have one judge review the entire complaint instead of following the State's preference to have the existing complaint "split in half" such that two separate judges, one in this Court, and another judge in a trial court a few blocks away, simultaneously and independently review similar challenges (and partially overlapping identical challenges) to the same statute in two separate lawsuits. The State does not argue that the Superior Court is without jurisdiction to hear the federal claims.

The State's position is especially surprising in light of their agreement in a prior joint letter to this Court that this Court cannot grant Plaintiffs the relief sought under Article I, Section 20 of the Delaware Constitution.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) (an instruction by a federal court to state officials on how to conform their conduct to state law "conflicts directly with the principles of federalism that underlie the Eleventh Amendment"), *Doe v. Pennsylvania Bd. of Prob. & Parole*, 513 F.3d 95, 103 (3d Cir. 2008) ("[F]ederal courts do not have subject matter jurisdiction to enjoin state officials on the basis of state law.") (*citing Pennhurst*), *Artway v. Att'y Gen. of State of N.J.*, 81 F.3d 1235, 1269 n.33 (3d Cir. 1996) ("We almost certainly cannot grant [plaintiff]'s requested relief—— an injunction against state officials from enforcing [state] law——on this basis.") (*citing Pennhurst*); and *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 948 F. Supp. 400, 414 (D.N.J. 1996), *aff'd*, 131 F.3d 353 (3d Cir. 1997), *aff'd*, 527 U.S. 666 (1999) ("The Eleventh Amendment defense sufficiently 'partakes of the nature of a jurisdictional bar so that it need not be raised in the trial court.'") (*quoting Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 683 n.18 (1982)).

To avoid this impending inefficiency, Plaintiffs have sought Defendants' agreement not to re-remove the Birney Action once re-filed in the Superior Court—but Defendants have declined to agree to this course of action. Defendants, instead, seek to split the Birney Action and remand the Article I, Section 20 claim to the Superior Court, despite the inefficiency that will be created by Defendants' planned course of action. Defendants' position also ignores that they have, quite obviously, waived Eleventh Amendment immunity by removing the matter in its entirety and by failing to raise the issue at any point in this litigation, until Plaintiffs presented it to them. Therefore, should Defendants maintain their current position, they would still not achieve what they seek, as the current Birney Action would simply stay before Your Honor in its entirety—if Plaintiffs successfully pursued their waiver arguments.

Defendants' position also fails to account for the inefficiency resulting from any action to re-remove being subject to remand briefing and the need to address significant procedural questions that would remain. One such issue would be whether the claims brought by Plaintiffs are "separate and independent" so as to qualify for removal under 28 U.S.C. 1441(c). The

The Honorable Richard G. Andrews

April 6, 2023

Supreme Court in the leading case of *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 14, 95 L. Ed. 702, 71 S. Ct. 534 (1951), stated what a separate and independent claim is not:

> "We conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)."

Plaintiffs seek to cooperatively avoid the need for this briefing and to efficiently utilize judicial resources in one forum that is permitted to hear the Second Amendment, Equal Protection as well as the Article I, Section 20 claims brought by Plaintiffs absent invoking waiver or briefing on remand.

Should Defendants maintain their position that they intend to split the Birney Action, and re-remove this case after it is re-filed in Superior Court, Plaintiffs respectfully seek guidance from Your Honor before any action is taken by the parties.

## Defendants' Position

Plaintiffs have indicated their intent to dismiss the Birney Action and refile it in the Superior Court of the State of Delaware.  Defendants believe doing so will be an inefficient use of the Court's and parties' time and resources.

As an initial matter, as Defendants asserted when first removing the Birney Action from State court, this Court has original jurisdiction over most of Plaintiffs' claims.  (D.I. 1 at 2). Plaintiffs bring three counts in the Birney Action:  Count I alleges violation of Plaintiffs' rights under the Delaware Constitution, Count II alleges deprivation of Plaintiffs' rights under the Second and Fourteenth Amendments of the U.S. Constitution, and Count III alleges deprivation of Plaintiffs' rights under the Equal Protection Clause of the U.S. Constitution.  (D.I. 1-1 at ¶¶ 111–44).  Thus, this Court has original jurisdiction over two of Plaintiffs' three claims.  28 U.S.C. § 1343(a)(3).  Furthermore, Plaintiffs' complaint repeatedly cites the recent Supreme Court decision, *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. _, 142 S. Ct. 2111 (2022), as a basis for initiating this litigation.  (*See, e.g.*, D.I. 1-1 at ¶¶ 10, 13–14, 18).  Unlike any state court in Delaware, this Court already has familiarity reviewing claims under *Bruen* and experience applying its precedent.  *See Delaware State Sportsmen's Ass'n, Inc. v. Delaware Dep't of Safety & Homeland Sec.*, 2023 WL 2655150 (D. Del. Mar. 27, 2023).  Accordingly, Defendants believe this Court is best suited to adjudicate the Birney Action.

As to Count I, which Plaintiffs bring under the Delaware Constitution, this Court has already indicated it lacks jurisdiction to hear such claims because a federal court may not issue "declaratory relief based on alleged violations of state law."  DSSA Action, (D. Del. March 7, 2023) (ORDER) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984)). Therefore, when a district court is confronted with a case removed from State court that contains such claims, the appropriate procedure is not to dismiss the action and have it refiled in its entirety in State court, as Plaintiffs propose.  Rather, federal rules expressly contemplate this scenario and instead, provide that the Court shall sever those state claims and remand them back to the State court:

> Upon removal of an action that includes (a) a claim arising under the Constitution, laws, or treaties of the United States, and (b) a claim not within the original or

The Honorable Richard G. Andrews

April 6, 2023

supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the district court shall sever from the action all claims described in part (b) and shall remand the severed claims to the State court from which the action was removed.

28 U.S.C. § 1441(c) (cleaned up).

Therefore, Defendants propose that Count I be severed from the Birney Action and remanded to the Superior Court in accordance with 28 U.S.C. § 1441, and that the Birney Action promptly proceed with case scheduling and a Rule 16 conference.

The parties are available at the convenience of the Court to address questions or provide further information.

Respectfully submitted,

/s/ *Caneel Radinson-Blasucci*

Caneel Radinson-Blasucci (#6574)

cc: All Counsel of Record (via CM/ECF)