

KATHLEEN JENNINGS
ATTORNEY GENERAL

DEPARTMENT OF JUSTICE
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

CIVIL DIVISION (302) 577-8400
CRIMINAL DIVISION (302) 577-8500
FRAUD DIVISION (302) 577-8600
FAX (302) 577-2610

October 28, 2025

**VIA CM/ECF**
The Honorable Richard G. Andrews
United States District Court
  For the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

Re:   *Birney, et al. v. Del. Dep't of Safety & Homeland Sec., et al.*, D. Del.,
      **No. 1:22-cv-01624-RGA – Response to Court's October 23, 2025, Oral Order**

Dear Judge Andrews:

In response to the Court's oral order, ECF No. 30, the State submits the following information in opposition to Plaintiffs' request to lift the stay, ECF No. 29.

In the stipulation for a stay of the case, the parties agreed to stay the matter pending the resolution of one or more dispositive motions filed in *Birney v. Delaware Department of Safety and Homeland Security, et al.*, Del. Super., C.A. No. K23C-07-019 ("State Case"). ECF No. 17 at 2. The parties further stipulated that were the related State Case to be stayed, the parties could petition the court to lift the stay at that time, or for other good cause shown. *Id.* at 3. The purpose of the requested stay was, *inter alia*, to "avoid two pending motions challenging the same statute in two separate courts at the same time[.]" *Id.* at 2.

The State Case remains in active litigation; the State has filed a Notice of Appeal, the Plaintiffs have filed a Notice of Cross-Appeal, and no stay has been entered or requested in the State Case. Accordingly, the current posture of the State Case does not satisfy either of the two express bases for lifting the stay in this Court as articulated in the stipulation for stay. Indeed, should Plaintiffs' request be granted, there would be two active litigations challenging the same statute, HB 451, one in this Court and one in state court—precisely the situation that the parties intended to avoid in stipulating to the stay granted by this Court. Moreover, Plaintiffs' request to lift the stay is based upon what they argue is "controlling authority" from the Third Circuit Court of Appeals regarding firearms age restriction laws. ECF No. 29 at 1. Defendant disagrees that

The Honorable Richard G. Andrews
October 28, 2025

the Third Circuit decision dictates the outcome of this case, but in any event the stipulated stay does not provide such a basis for lifting it.

      In response to the question posed by the Court's oral order, the State can confirm that the portions of HB 451 declared unenforceable in the State Case are in fact not currently being enforced and will not be enforced unless and until the provisions are upheld in the State Case. Because the challenged provisions are not being enforced, there is no reason to litigate this case in federal court at this moment, and Plaintiffs cannot show good cause to do so until the State Case reaches a final resolution.

      Moreover, absent current or soon impending enforcement, Plaintiffs lack the required standing, which requires an injury in fact that is, among other things, "imminent." *Nat'l Shooting Sports Found. v. Att'y Gen. of New Jersey*, 80 F.4th 215, 218 (3d Cir. 2023) (quoting *Trump v. New York*, 592 U.S. 125, 131, (2020)).  In the case of a statute that has not been enforced, is not being enforced, and will not be enforced until its provisions are upheld on an appeal that is only at the beginning of briefing, there is no such imminent injury. *See id.* at 218, 220-21.

      For the foregoing reasons, Defendants request the Court deny Plaintiffs' request to lift the stay.

      Respectfully submitted,

      */s/ Jennifer Kate Aaronson*

      Jennifer Kate Aaronson (DE Bar No. 3478)

cc: Clerk of Court (via CM/ECF)
    All Counsel of Record (via CM/ECF)