

**KATHLEEN JENNINGS**
ATTORNEY GENERAL

**DEPARTMENT OF JUSTICE**
NEW CASTLE COUNTY
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

CIVIL DIVISION (302) 577-8400
FAX: (302) 577-6630
CRIMINAL DIVISION (302) 577-8500
FAX: (302) 577-2496
FRAUD DIVISION (302) 577-8600
FAX: (302) 577-6499

July 13, 2026

**VIA CM/ECF**
The Honorable Richard G. Andrews
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, Delaware 19801

**Re:** ***Birney et al. v. Delaware Department of Safety and Homeland Security et al.*,
1:22-cv-01624-RGA (HB 451 challenge)**

Dear Judge Andrews:

In response to Plaintiff's letter of July 10, 2026, in which they request a status conference to discuss lifting the stay and assert the Third Circuit's decision in *Lara* controls, Defendants write to advise the Court that it is the Defendants' position that the stay should remain in effect as that state court proceedings have not concluded.

As the Court is aware, Defendants appealed the Superior Court's decision. Plaintiffs filed a cross-appeal, arguing the Delaware Supreme Court must apply the *N.Y. State Rifle & Pistol Ass'n v. Bruen,* 597 U.S. 1 (2022) standard. This Court should have the benefit of the Delaware Supreme Court's consideration and analysis of the statute at issue, especially if the Supreme Court utilizes the *Bruen* standard. Additionally, pending before the Delaware Supreme Court is Defendants' Motion to Remand the case for an evidentiary hearing and briefing on the constitutionality of 11 Del. C. § 1441, License to Carry Concealed Deadly Weapon ("CCDW"), an issue the Superior Court reached without the benefit of a record or briefing. Persons 18- 20 years old who have a carry concealed permits are exempt from criminal liability under HB 451.

Plaintiffs stress that *Lara* controls this case but fail to acknowledge it involved a restriction on different conduct (public carry) than HB 451 (purchase and possession). The difference in conduct restricted by these laws is not semantic given *Bruen*'s focus on the *specific conduct* subject to regulation. *Bruen*, 597 U.S. at 17. Plaintiffs also fail to mention that the U.S. Supreme Court also denied the petitions for writ of certiorari in four other age restriction challenges: *McCoy v. ATF*, 140 F.4th 568 (4th Cir. 2025), *cert. denied*, 2026 WL 1871297 (U.S. June 30, 2026); *NRA v. Bondi*, 133 F.4th 1108 (11th Cir. 2025) (en banc), *cert. denied sub nom. NRA v. Glass*, 2026 WL 1871313 (U.S. June 30, 2026); *Picon v. United States*, 343 A.3d 57 (D.C. Ct. App. 2025), *cert. denied*, 2026 WL 1871303 (U.S. June 30, 2026); *Brown v. ATF*, 2025 WL 1704429 (4th Cir. 2025),

1

The Honorable Richard G. Andrews
July 13, 2026
*Birney v. DDSHS, et al.,  [22-1624- RGA]*
P a g e | **2**

*cert. denied sub nom. W.V. Citizens Def. League v. ATF*, 2026 WL 1871319 (U.S. June 30, 2026).  In doing so, the Supreme Court left standing three circuit court opinions upholding the age restrictions at issue (*McCoy* and *Brown* were consolidated at the Fourth Circuit, and decided under *McCoy*).

The State acknowledges that, unlike *Lara v. Comm'r Penn. State Police*, 125 F.4th 428 (3d Cir. 2025), *cert. denied sub nom. Bivens v. Second Amdt. Found.*, 2026 WL 1871315 (U.S. June 30, 2026), the cases below in these other four denials are out-of-circuit.  However, the underlying challenged laws in these out-of-circuit age restriction cases are more analogous to the Delaware law when compared to the law at issue in *Lara* in ways significant to its constitutionality under the federal test.

As the State has noted in its briefing before the Delaware Supreme Court, the conduct governed by a challenged restriction is an integral part of the federal Second Amendment analysis under *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), as clarified by *United States v. Rahimi*, 602 U.S. 680 (2024). This is because the *Bruen* test for evaluating Second Amendment challenges requires a showing of a historical tradition of similar regulation for a modern law to be found constitutional, which can be shown through the introduction of historical statutory analogues. *Bruen*, 597 at 15–17.  The conduct restricted by the historical analogues and the modern challenged law is integral to this inquiry.  *See, e.g.*, *Rahimi*, 602 U.S. at 693-94 (discussing specific "conduct" restricted by historical analogues that the Court relied on in upholding law at issue).

Here, the conduct governed by HB 451 relates to the purchase and possession of firearms by individuals aged 18-21 — the same type of conduct at issue in *McCoy*, consolidated at the Fourth Circuit with *Brown* (holding that a federal regulation prohibiting the sale of handguns to individuals under 21 is constitutional because from "English common law to the founding and beyond, our regulatory tradition has permitted restrictions on the sale of firearms to individuals under the age of twenty-one," *McCoy*, 140 F.4th at 572), *NRA* (holding that a Florida law prohibiting the purchase of any firearm by those under 21 is constitutional as applied to people between the ages of 18 and 21 because the law is consistent with the nation's historical tradition of firearm regulation), and *Picon* (holding that D.C.'s age-based firearm registration and licensing restrictions, prohibiting persons between 18-21 from possessing firearms without parental approval, did not violate the Second Amendment as applied to that age group).  These cases upheld these age restrictions after finding that restrictions on the purchase and possession of firearms by individuals under 21 are "consistent with the law of the Founding."  *NRA*, 133 F.4th 1124; *see also Picon*, 343 A.3d at 65 ("History reveals a regulatory tradition of restricting access to firearms based on age for those considered to lack the judgment and discretion to use them safely."); *McCoy*, 140 F.4th at 572 ("English common law to the founding and beyond, our regulatory tradition has permitted restrictions on the sale of firearms to individuals under the age of twenty-one").

Conversely, the conduct governed by the Pennsylvania law at issue in *Lara* relates to the public carry of firearms by the 18-21 age group in certain circumstances.  As other courts evaluating purchase-related firearms age restrictions have noted, this difference in conduct makes a difference.  *See, e.g.*, *Chavez v. Bonta*, 773 F.Supp.3d 1028, 1040 ("*Lara* is distinguishable

2

The Honorable Richard G. Andrews
July 13, 2026
*Birney v. DDSHS, et al.,  [22-1624- RGA]*
P a g e | **3**

because the statute it considered was broader than [California's firearms purchase age restriction] in that it regulated 18-to-20-year-olds' right to carry.").

It is for these reasons that the State opposes Plaintiffs' urging that the stay "must be lifted." Additionally, the Defendants disagree with Plaintiff's assertion that no discovery is needed. The State produced expert reports in the state court proceedings and intends to offer expert reports and request an evidentiary hearing in this case.

Defendants respectfully request this case remain stayed until the conclusion of the state court proceedings.

Respectfully submitted,

/s/ *Jennifer Kate Aaronson*

Jennifer Kate Aaronson (#3478)

cc: All Counsel of Record (via CM/ECF)

3